Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

LUIS ALFONSO GARCES DAQUILEMA, JOEL DE JESUS MOLINA HERNANDEZ, VICTOR HUGO CAJAMARCA CAJAMARCA, LUIS FERNANDO CABEZAS, JULIO GAMALIEL TORRES ORTEGA, MARCO R. ARPI, FELIPE DE JESUS FLORES CRIOLLO, CARLOS MAURICIO YUPANGUI RIERA, FABIAN MAURICIO YUPANGUI CARRION, MARCO VINICIO PESANTEZ REYES, VICENTE MAURICIO SANCHEZ ORTIZ, MANUEL CARLOS LOJA PIZARRO, STALYN PATRICIO LOJA PULLA, and LAURO ARMANDO CHIMBO CHIMBO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC, NKJ2 CONSTRUCTION LLC, and NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS, as individuals,

Defendants.

----------------------------------------------------------------------X

**CLASS/COLLECTIVE ACTION COMPLAINT**

JURY TRIAL REQUESTED

Plaintiffs, **LUIS ALFONSO GARCES DAQUILEMA, JOEL DE JESUS MOLINA HERNANDEZ, VICTOR HUGO CAJAMARCA CAJAMARCA, LUIS FERNANDO CABEZAS, JULIO GAMALIEL TORRES ORTEGA, MARCO R. ARPI, FELIPE DE JESUS FLORES CRIOLLO, CARLOS MAURICIO YUPANGUI RIERA, FABIAN MAURICIO YUPANGUI CARRION, MARCO VINICIO PESANTEZ REYES, VICENTE MAURICIO SANCHEZ ORTIZ, MANUEL CARLOS LOJA PIZARRO, STALYN PATRICIO LOJA PULLA, and LAURO ARMANDO CHIMBO CHIMBO,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC, NKJ2 CONSTRUCTION LLC, and NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS as individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **GALAXY DEVELOPERS LLC** located 505 Flushing Ave 1D, Brooklyn, New York, 11205 and **BWK CONSTRUCTION LLC and NJK CONSTRUCTION LLC** located at 3150 Roberts Ave Bronx, NY 1046 and 10 Hallberg Ave, Bergenfield, New Jersey 07661.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. The Plaintiffs primarily performed work for the Defendants at job sites throughout New York City and New Jersey for which Plaintiffs alleged they were not properly compensated, forming the basis of the instant lawsuit.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiffs*

8. Plaintiff **LUIS ALFONSO GARCES DAQUILEMA**, residing in Corona, New York, was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, from in or around June 2021 until in or around November 2021 and from in or around April 2023 through the present.

9. Plaintiff **JOEL DE JESUS MOLINA HERNANDEZ,** residing in Union City, New York, was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, from in or around October 2020 until in or around December 2021.

10. Plaintiff **VICTOR HUGO CAJAMARCA CAJAMARCA,** residing in Woodbridge, New York, was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, from in or around March 2021 until in or around February 2022.

11. Plaintiff **LUIS FERNANDO CABEZAS** residing in Richmond Hill, New York, was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, from in or around June 2021 until in or around November 2021.

12. Plaintiff **JULIO GAMALIEL TORRES ORTEGA,** residing in Englewood, New Jersey was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, from in or around December 2020 until in or around November 2021.

13. Plaintiff **MARCO R. ARPI,** residing in Jackson Heights, New York, was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, from in or around August 2021 until in or around September 2022 and from in or around April 2023 until in or around December 2024.

14. Plaintiff **FELIPE DE JESUS FLORES CRIOLLO,** residing in New York, New York, was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, from in or around August 2020 until in or around August 2021.

15. Plaintiff **CARLOS MAURICIO YUPANGUI RIERA,** residing in Corona, New York, was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, from in or around April 2018 until in or around February 2023 and from in or around August 2023 until in or around November 2023.

16. Plaintiff **FABIAN MAURICIO YUPANGUI CARRION,** residing in Corona, New York, was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC,, from in or around November 2022 until in or around December 2023.

17. Plaintiff **MARCO VINICIO PESANTEZ REYES,** residing in Brooklyn, New York, was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, from in or around June 2020 until in or around December 2023.

18. Plaintiff **VICENTE MAURICIO SANCHEZ ORTIZ,** residing in East Elmhurst, New York, was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, from in or around April 2017 until in or around December 2023.

19. Plaintiff **MANUEL CARLOS LOJA PIZARRO**, residing in Jackson Heights, New York, was employed by Defendants from in or around September 2022 until in or around October 2022.

20. Plaintiff **STALYN PATRICIO LOJA PULLA**, residing in Jackson Heights, New York, was employed by Defendants from in or around September 2022 until in or around October 2022.

21. Plaintiff **LAURO ARMANDO CHIMBO CHIMBO**, residing in Flushing, New York, was employed by Defendants from in or around September 2022 until in or around October 2022.

***Corporate Defendants***

**GALAXY DEVELOPERS LLC**

22. Defendant GALAXY DEVELOPERS LLC is a domestic limited liability company, organized under the laws of the State of New York with a principal executive office and service of process address located at 505 Flushing Ave 1D, Brooklyn, New York, 11205.

23. At all relevant times hereto, Defendant GALAXY DEVELOPERS LLC, through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

24. Accordingly, at all relevant times hereto, Defendant GALAXY DEVELOPERS LLC was Plaintiffs' employer within the meaning and the intent of the FLSA and the NYLL.

**BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC**

25. Defendant, BWK CONSTRUCTION LLC, is a domestic limited liability company organized under the laws of New York with a principal executive office and service of process address located at 3150 Roberts Ave, Apt 3c, Bronx, New York, 10461.

26. Defendant, NKJ2 CONSTRUCTION LLC, is a domestic limited liability company organized under the laws of New York with a principal executive office and service of process address located at 3150 Roberts Ave, 5D, Bronx, New York, 10461.

27. At all relevant times hereto, Defendants, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, through their agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over their employees including Plaintiffs in the performance of their duties, which among others include scheduling of work and payment of wages.

28. Accordingly, at all relevant times hereto, Defendants BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC were Plaintiffs' employers within the meaning and the intent of the FLSA and the NYLL.

**Joint Enterprise(s) of the Corporate Defendants**

29. At all times relevant to this action, Corporate Defendants were Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

30. Corporate Defendants shared a common or overlapping management, as all were operated by the individual Defendants sued herein.

31. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

32. Corporate Defendants functioned as a single integrated enterprise for purposes of the NYLL.

33. Upon information and belief, Defendants BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC were and are both engaged in construction projects and simultaneously operated at and on the same job sites where Plaintiffs performed work.

34. At all times relevant hereto, Defendants BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC acted as a single employer in general and as joint employers with respect to Plaintiffs, as Defendants held out Plaintiffs as the employees of both entities.

35. Both corporate entities employed the same employees, including Plaintiffs, performed work on the same job site, and were both responsible for issuing Plaintiffs their wages.

36. Upon information and belief, GALAXY DEVELOPERS LLC was engaged in construction contracting and acted as the contractor that oversaw the work performed by Corporate Defendants BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC for the projects where Plaintiffs performed work.

37. Upon information and belief, Defendants BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC acted as subcontractors and maintained a contractor-subcontractor relationship with GALAXY DEVELOPERS LLC for all relevant job sites herein.

38. The Corporate entities functioned as a single integrated enterprise during Plaintiffs' employment by Defendants.

39. Accordingly, at all relevant times hereto, Defendants BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, and GALAXY DEVELOPERS LLC were Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

40. Corporate Defendants are jointly and severally liable for all wages owed to Plaintiffs pursuant to NYLL §198-E Construction Industry Wage Theft, which states, "(1) A contractor making or taking a construction contract shall be liable for any debt resulting from an action under section one hundred ninety-eight of this article, owed to an employee or third party on the employee's behalf, incurred by a subcontractor at any tier acting under, by, or for the contractor or its subcontractors for the employee's performance of labor."

41. Further, pursuant to NYLL §198-E (5), "In the case of an action against a subcontractor, the contractor shall be considered jointly and severally liable for any unpaid wages,

benefits, wage supplements, and any other remedies available pursuant to the requirements of section one hundred ninety-eight of this article."

42. Here, to the extent that BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC acted as subcontractors to GALAXY DEVELOPERS LLC, GALAXY DEVELOPERS LLC is also liable for any wages owed to Plaintiffs at all job sites at which the contractors and subcontractors performed work pursuant to NYLL §198-e.

43. Upon information and belief, Plaintiffs performed work for BWK CONSTRUCTION LLC, NKJ2 CONSTRUCTION LLC. and GALAXY DEVELOPERS LLC at various job sites throughout their employment, including but not limited to: 251 Wallabout St., Brooklyn, New York 11206, among other job sites in New York and New Jersey (hereinafter, the "Job Sites").

44. At all times relevant to the allegations contained in the complaint, Corporate Defendants were and are, enterprises engaged in interstate commerce within the meaning of the FLSA, and that, BKW CONSTRUCTION LLC, NKJ2 CONSTRUCTION LLC and GALAXY DEVELOPERS LLC (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

## ***The Individual Defendants***

## **NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS**

45. Upon information and belief, at all relevant times hereto, Defendants NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS own and operate BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC.

46. Upon information and belief, Defendants NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS are the agents of BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC.

47. At all relevant times hereto, Defendants NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS are responsible for overseeing the daily operations of BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC.

48. At all relevant times hereto, Defendants NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS have power and authority over all the final personnel decisions at BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC.

49. At all relevant times hereto, Defendants NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS have the power and authority over all final payroll decisions of BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, including the Plaintiffs.

50. At all relevant times hereto, Defendants NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS have the exclusive final power to hire the employees of BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, including the Plaintiffs.

51. At all relevant times hereto, Defendant NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS have exclusive final power over the firing and termination of the employees of BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, including Plaintiffs.

52. At all relevant times hereto, Defendant NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS are responsible for determining, establishing, and paying the wages of all employees of BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, including the Plaintiffs, setting their work schedules, and maintaining all their employment records in the business.

53. Accordingly, at all relevant times hereto, Defendants NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS were and are Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

## RELEVANT STATUTORY PERIOD

54. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in November 2025, the relevant statutory period for Plaintiff' claims asserted herein encompasses the entirety of the period spanning November 2019 through present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

## LUIS ALFONSO GARCES DAQUILEMA

55. Plaintiff LUIS ALFONSO GARCES DAQUILEMA has been employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around June 2021 until in or around November 2021 and from in or around April 2023 through the present.

56. Plaintiff LUIS ALFONSO GARCES DAQUILEMA regularly worked approximately five (5) days per week from in or around June 2021 until in or around November 2021 and from in or around April 2023 through the present.

57. Plaintiff LUIS ALFONSO GARCES DAQUILEMA regularly worked approximately nine-and-a-half (9.5) hours per day from in or around June 2021 until in or around November 2021 and from in or around April 2023 through the present.

58. Thus, Plaintiff was regularly required to work approximately forty-seven-and-a-half (47.5) hours per week from in or around June 2021 until in or around November 2021 and from in or around April 2023 through the present.

59. Plaintiff LUIS ALFONSO GARCES DAQUILEMA was paid by Defendants an hourly rate of $32.00 for all hours worked each week from in or around June 2021 until in or around November 2021 and from in or around April 2023 through the present.

60. Plaintiff has been paid in combination of cash and check.

61. Additionally, Plaintiff has been paid by Defendants approximately every two (2) weeks from in or around May 2023 through the present. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

62. Although Plaintiff worked approximately forty-seven-and-a-half (47.5) per week from in or around June 2021 until in or around November 2021 and from in or around April 2023 through the present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

63. Moreover, Plaintiff was not compensated at all by Defendants for five (5) weeks of his employment.

64. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

65. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

66. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

67. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

68. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

69. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**JOEL DE JESUS MOLINA HERNANDEZ**

70. Plaintiff JOEL DE JESUS MOLINA HERNANDEZ was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around October 2020 until in or around December 2021.

71. Plaintiff JOEL DE JESUS MOLINA HERNANDEZ regularly worked approximately five (5) days per week from in or around October 2020 until in or around December 2021.

72. Plaintiff JOEL DE JESUS MOLINA HERNANDEZ regularly worked approximately ten (10) hours per day from in or around October 2020 until in or around December 2021.

73. Thus, Plaintiff was regularly required to work approximately fifty (50) hours per week from in or around October 2020 until in or around December 2021.

74. Plaintiff JOEL DE JESUS MOLINA HERNANDEZ was paid by Defendants an hourly rate of $28.00 for all hours worked, from in or around October 2020 until in or around December 2021.

75. Plaintiff was paid via cash.

76. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around January 2021 until in or around December 2021. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

77. Although Plaintiff worked approximately fifty (50) hours per week from in or around October 2020 until in or around December 2021, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

78. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

79. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

80. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

81. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

82. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

83. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to

identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

84. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## VICTOR HUGO CAJAMARCA CAJAMARCA

85. Plaintiff VICTOR HUGO CAJAMARCA CAJAMARCA was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around March 2021 until in or around February 2022.

86. Plaintiff VICTOR HUGO CAJAMARCA CAJAMARCA regularly worked approximately five (5) days per week from in or around March 2021 until in or around February 2022.

87. Plaintiff VICTOR HUGO CAJAMARCA CAJAMARCA regularly worked approximately eleven-and-a-half (11.5) hours per day from in or around March 2021 until in or around February 2022.

88. Thus, Plaintiff was regularly required to work approximately fifty-seven-and-a-half (57.5) hours per week from in or around March 2021 until in or around February 2022.

89. Plaintiff VICTOR HUGO CAJAMARCA CAJAMARCA was paid by Defendants an hourly rate of $32.00 for all hours worked from in or around March 2021 until in or around February 2022.

90. Plaintiff was paid in combination of cash and check.

91. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around May 2021 until in or around February 2022. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

92. Although Plaintiff worked approximately fifty-seven-and-a-half (57.5) hours per week from in or around March 2021 until in or around February 2022, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

93. Moreover, Plaintiff was not compensated at all by Defendants for five (5) weeks of his employment.

94. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

95. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

96. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

97. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

98. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

99. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## LUIS FERNANDO CABEZAS

100. Plaintiff LUIS FERNANDO CABEZAS was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around June 2021 until in or around November 2021.

101. Plaintiff LUIS FERNANDO CABEZAS regularly worked approximately five (5) days per week from in or around June 2021 until in or around November 2021.

102. Plaintiff LUIS FERNANDO CABEZAS regularly worked approximately ten (10) hours per day from in or around June 2021 until in or around November 2021 .

103. Thus, Plaintiff was regularly required to work approximately fifty (50) hours per week from in or around June 2021 until in or around November 2021.

104. Plaintiff LUIS FERNANDO CABEZAS was paid by Defendants an hourly rate of $35.00 for all hours worked each week from in or around June 2021 until in or around November 2021.

105. Plaintiff was paid in combination of cash and check.

106. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around July 2021 until in or around November 2021. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

107. Although Plaintiff worked approximately fifty (50) hours per week from in or around June 2021 until in or around November 2021., Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

108. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

109. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

110. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

111. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

112. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**JULIO GAMALIEL TORRES ORTEGA**

113. Plaintiff JULIO GAMALIEL TORRES ORTEGA was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around December 2020 until in or around November 2021.

114. Plaintiff JULIO GAMALIEL TORRES ORTEGA regularly worked approximately five (5) days per week from in or around December 2020 until in or around November 2021.

115. Plaintiff JULIO GAMALIEL TORRES ORTEGA regularly worked approximately ten-and-half (10.5) hours per day four (4) days per week and approximately eight-and-a-half (8.5) hours one (1) day per week from in or around December 2020 until in or around November 2021.

116. Thus, Plaintiff was regularly required to work approximately fifty-and-a-half (50.5) hours per week from in or around December 2020 until in or around November 2021.

117. Plaintiff JULIO GAMALIEL TORRES ORTEGA was paid by Defendants an hourly rate of $37.50 for all hours worked each week from in or around December 2020 until in or around November 2021.

118. Plaintiff was paid in combination of cash and check.

119. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks in or about November 2021. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

120. Although Plaintiff worked approximately fifty-and-a-half (50.5) hours per week from in or around December 2020 until in or around November 2021, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

121. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

122. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

123. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

124. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

125. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

126. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

127. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**MARCO R. ARPI**

128. Plaintiff MARCO R. ARPI was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around August 2021 until in or around September 2022 and from in or around April 2023 until in or around December 2024.

129. Plaintiff MARCO R. ARPI regularly worked approximately five (5) days per week from in or around August 2021 until in or around September 2022 and from in or around April 2023 until in or around December 2024.

130. Plaintiff MARCO R. ARPI regularly worked approximately eight-and-a-half (8.5) hours per day from in or around August 2021 until in or around September 2022 and from in or around April 2023 until in or around December 2024.

131. Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours per week from in or around August 2021 until in or around September 2022 and from in or around April 2023 until in or around December 2024.

132. Plaintiff MARCO R. ARPI is paid by Defendants an hourly rate of $35.00 for all hours worked each week from in or around August 2021 until in or around September 2022 and from in or around April 2023 until in or around December 2024.

133. Plaintiff is paid via check.

134. Although Plaintiff worked approximately forty-two-and-a-half (42.5) hours per week from in or around August 2021 until in or around September 2022 and from in or around April 2023 until in or around December 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

135. Moreover, Plaintiff was not compensated at all by Defendants for three (3) weeks of his employment.

136. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

137. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

138. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

139. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

140. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours

and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

141. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**FELIPE DE JESUS FLORES CRIOLLO**

142. Plaintiff FELIPE DE JESUS FLORES CRIOLLO was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around August 2020 until in or around August 2021.

143. Plaintiff FELIPE DE JESUS FLORES CRIOLLO regularly worked approximately five (5) to six (6) days per week from in or around August 2020 until in or around August 2021.

144. Plaintiff FELIPE DE JESUS FLORES CRIOLLO regularly worked approximately nine (9) hours per day, from in or around August 2020 until in or around August 2021.

145. Thus, Plaintiff was regularly required to work approximately between forty-five (45) and fifty-four (54) hours per week from in or around August 2020 until in or around August 2021.

146. Plaintiff FELIPE DE JESUS FLORES CRIOLLO was paid by Defendants an hourly rate of $34.00 for all hours worked from in or around August 2020 until in or around August 2021.

147. Plaintiff was paid in part by check and in part in cash.

148. Additionally, Plaintiff was paid by Defendants approximately every two (2) or three (3) weeks. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

149. Although Plaintiff worked approximately between forty-five (45) and fifty-four (54) hours per week from in or around August 2020 until in or around August 2021, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

150. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

151. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

152. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

153. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

154. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**CARLOS MAURICIO YUPANGUI RIERA**

155. Plaintiff CARLOS MAURICIO YUPANGUI RIERA was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around April 2018 until in or around February 2023 and from in or around August 2023 until in or around November 2023.

156. During the relevant statutory period, Plaintiff CARLOS MAURICIO YUPANGUI RIERA regularly worked approximately five (5) days per week.

157. Plaintiff CARLOS MAURICIO YUPANGUI RIERA regularly worked approximately nine-and-a-half (9.5) hours per day, from in or around November 2019 until in or around December 2021, and approximately nine (9) hours per day, from in or around January 2022

until in or around February 2023 and from in or around August 2023 until in or around November 2023.

158. Thus, Plaintiff was regularly required to work approximately forty-seven-and-a-half (47.5) hours per week from in or around November 2019 until in or around December 2021, and approximately forty-five (45) hours per week from in or around January 2022 until in or around February 2023 and from in or around August 2023 until in or around November 2023.

159. Plaintiff CARLOS MAURICIO YUPANGUI RIERA was paid by Defendants an hourly rate of $35.00 for all hours worked from in or around November 2019 until in or around December 2021 and an hourly rate of $37.00 for all hours worked from in or around January 2022 until in or around February 2023 and from in or around August 2023 until in or around November 2023.

160. Plaintiff was paid via check.

161. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks during the relevant statutory period. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

162. Although Plaintiff worked approximately forty-seven-and-a-half (47.5) hours per week from in or around November 2019 until in or around December 2021, and approximately forty-five (45) hours per week from in or around January 2022 until in or around February 2023 and from in or around August 2023 until in or around November 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

163. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

164. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

165. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

166. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

167. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

168. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

169. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**FABIAN MAURICIO YUPANGUI CARRION**

170. Plaintiff FABIAN MAURICIO YUPANGUI CARRION was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around November 2022 until in or around December 2023.

171. Plaintiff FABIAN MAURICIO YUPANGUI CARRION regularly worked approximately five (5) days per week from in or around November 2022 until in or around December 2023.

172. Plaintiff FABIAN MAURICIO YUPANGUI CARRION regularly worked approximately eight-and-a-half (8.5) hours per day from in or around November 2022 until in or around December 2023.

173. Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours per week from in or around November 2022 until in or around December 2023.

174. Plaintiff FABIAN MAURICIO YUPANGUI CARRION was paid by Defendants an hourly rate of $23.00 for all hours worked from in or around November 2022 until in or around December 2023.

175. Plaintiff was paid via check.

176. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around October 2023 until in or around December 2023. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

177. Although Plaintiff worked approximately forty-two-and-a-half (42.5) hours per week from in or around November 2022 until in or around December 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

178. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

179. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

180. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

181. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

182. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

183. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

184. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay,

and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**MARCO VINICIO PESANTEZ REYES**

185. Plaintiff MARCO VINICIO PESANTEZ REYES was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around June 2020 until in or around December 2023.

186. Plaintiff MARCO VINICIO PESANTEZ REYES regularly worked approximately five (5) to six (6) days per week from in or around June 2020 until in or around December 2023.

187. Plaintiff MARCO VINICIO PESANTEZ REYES regularly worked approximately eight-and-a-half (8.5) hours per day from in or around June 2020 until in or around December 2023.

188. Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half (42.5) hours to approximately fifty-one (51) hours per week from in or around June 2020 until in or around December 2023.

189. Plaintiff MARCO VINICIO PESANTEZ REYES was paid by Defendants an hourly rate of $33.00 for all hours worked from in or around June 2020 until in or around December 2021 and a flat hourly rate of approximately $35.00 per hour from in or around January 2022 until in or around December 2023.

190. Plaintiff was paid via check.

191. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around June 2021 until in or around December 2023. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

192. Although Plaintiff worked approximately forty-two-and-a-half (42.5) to approximately fifty-one (51) hours per week from in or around June 2020 until in or around December 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

193. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

194. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

195. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

196. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

197. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

198. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

199. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**VICENTE MAURICIO SANCHEZ ORTIZ**

200. Plaintiff VICENTE MAURICIO SANCHEZ ORTIZ was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a construction worker, while performing related miscellaneous duties, from in or around April 2017 until in or around December 2023.

201. During the relevant statutory period, Plaintiff VICENTE MAURICIO SANCHEZ ORTIZ regularly worked approximately five (5) days per week.

202. During the relevant statutory period, Plaintiff VICENTE MAURICIO SANCHEZ ORTIZ regularly worked approximately between nine-and-a-half (9.5) hours per day.

203. Thus, during the relevant statutory period, Plaintiff was regularly required to work approximately forty-seven-and-a-half (47.5) hours per week.

204. Plaintiff VICENTE MAURICIO SANCHEZ ORTIZ was paid by Defendants an hourly rate of $35.00 for all hours worked from in or around April 2017 until in or around December 2019 and an hourly rate of $40.00 for all hours worked from in or around January 2020 until in or around December 2023.

205. Plaintiff was paid via check.

206. Additionally, Plaintiff was paid by Defendants approximately every two (2) weeks from in or around January 2023 until in or around December 2023. As such, Defendants failed to timely pay Plaintiff on a weekly basis, thereby violating the frequency of pay requirements of NYLL § 191.

207. Although Plaintiff worked approximately forty-seven-and-a-half (47.5) hours per week from in or around October 2019 until in or around December 2023, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

208. Moreover, Plaintiff was not compensated at all by Defendants for four (4) weeks of his employment.

209. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

210. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

211. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

212. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

213. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours

and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

214. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**MANUEL CARLOS LOJA PIZARRO**

215. Plaintiff MANUEL CARLOS LOJA PIZARRO was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a mason, while performing related miscellaneous duties, from in or around September 2022 until in or around October 2022.

216. Plaintiff MANUEL CARLOS LOJA PIZARRO regularly worked approximately five (5) days per week from in or around September 2022 until in or around October 2022.

217. Plaintiff MANUEL CARLOS LOJA PIZARRO regularly worked approximately eight-and-a-half hours (8.5) hours per day, from in or around September 2022 until in or around October 2022.

218. Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half hours (42.5) per week from in or around September 2022 until in or around October 2022.

219. Plaintiff MANUEL CARLOS LOJA PIZARRO was paid by Defendants an hourly rate of $40.00 for all hours worked from in or around September 2022 until in or around October 2022.

220. Although Defendants issued paychecks including of $1,495.84 [9/23/2022], $2,991.68 [9/30/2022; 10/07/2022], and $2,243.76 [10/14/2022], from in or around September 2022 until in or around October 2022, Plaintiff was required by Defendants to return substantial portions of those wages in cash without explanation from Defendants.

221. Additionally, although Plaintiff worked approximately forty-two-and-a-half hours (42.5) per week, from in or around September 2022 until in or around October 2022., Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

222. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

223. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

224. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

225. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

226. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

227. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**STALYN PATRICIO LOJA PULLA**

228. Plaintiff STALYN PATRICIO LOJA PULLA was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC as a construction laborer, while performing related miscellaneous duties, from in or around September 2022 until in or around October 2022.

229. Plaintiff STALYN PATRICIO LOJA PULLA regularly worked approximately five (5) days per week from in or around September 2022 until in or around October 2022.

230. Plaintiff STALYN PATRICIO LOJA PULLA regularly worked approximately eight-and-a-half hours (8.5) hours per day, from in or around September 2022 until in or around October 2022.

231. Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half hours (42.5) per week from in or around September 2022 until in or around October 2022.

232. Plaintiff STALYN PATRICIO LOJA PULLA was paid by Defendants an hourly rate of $25.00 for all hours worked from in or around September 2022 until in or around October 2022.

233. Although Defendants issued paychecks including of $1,120.00 [10/07/2022] and $2,884.40 [9/30/2022] from in or around September 2022 until in or around October 2022, Plaintiff was required by Defendants to return substantial portions of those wages in cash without explanation from Defendants.

234. Additionally, although Plaintiff worked approximately forty-two-and-a-half hours (42.5) per week, from in or around September 2022 until in or around October 2022., Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

235. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

236. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

237. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

238. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

239. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to

identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

240. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**LAURO ARMANDO CHIMBO CHIMBO**

241. Plaintiff LAURO ARMANDO CHIMBO CHIMBO was employed by Defendants GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, as a mason, while performing related miscellaneous duties, from in or around September 2022 until in or around October 2022.

242. Plaintiff LAURO ARMANDO CHIMBO CHIMBO regularly worked approximately five (5) days per week from in or around September 2022 until in or around October 2022.

243. Plaintiff LAURO ARMANDO CHIMBO CHIMBO regularly worked approximately eight-and-a-half hours (8.5) hours per day, from in or around September 2022 until in or around October 2022.

244. Thus, Plaintiff was regularly required to work approximately forty-two-and-a-half hours (42.5) per week from in or around September 2022 until in or around October 2022.

245. Plaintiff LAURO ARMANDO CHIMBO CHIMBO was paid by Defendants an hourly rate of $37.50 for all hours worked, from in or around September 2022 until in or around October 2022.

246. Although Defendants issued paychecks including of $640 [10/21/2022], $2,991.68 [9/16/2022; 10/7/2022], $3,739.60 [9/23/2022; 9/30/2022], and $2,243.76 [10/14/2022] from in or around September 2022 until in or around October 2022, Plaintiff was required by Defendants to return substantial portions of those wages in cash, without explanation from Defendants.

247. Additionally, although Plaintiff worked approximately forty-two-and-a-half hours (42.5) per week, from in or around September 2022 until in or around October 2022, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

248. Due to Defendants' non-payment of wages, Plaintiff suffered concrete harm and experienced a myriad of financial difficulties specifically in covering his regular expenses such as payment for his utility bills, food, transportation, and other expenses.

249. Defendants willfully failed to post notices of the overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

250. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

251. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

252. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

253. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

254. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

255. Collective Class: All persons who are or have been employed by the Defendants as construction workers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

256. Upon information and belief, Defendants employed approximately 50 or more employees within the past three years subjected to similar payment structures.

257. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

258. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work without appropriate overtime and wage compensation

259. Defendants' unlawful conduct has been widespread, repeated, and consistent.

260. Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and wages.

261. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

262. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and their wages in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

263. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

264. The claims of Plaintiffs are typical of the claims of the putative class.

265. Plaintiffs and his counsel will fairly and adequately protect the interests of the putative class.

266. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS

267. Plaintiffs sue on their own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and bring the Second and Fourth Causes of Action

on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> Tapers and construction workers, or other similarly titled personnel who are currently or have been employed by the Defendants at GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC and NKJ2 CONSTRUCTION LLC, at various job sites throughout New York and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek, received delayed payments and were never compensated by the Defendants for their work performed, during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

268. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

269. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

270. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a. Whether Defendants unlawfully failed to pay overtime compensation, failed to timely pay wages and failed to pay wages, in violation of and within the meaning of the NYLL;

    b. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;
d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;
e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and
f. Whether Defendants should be enjoined from such violations in the future.
g. The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.
h. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

271. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages, failure to time pay wages and failure to pay wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

272. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

273. Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and spread of hours

compensation and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

274. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

275. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

276. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

277. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

278. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

279. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

280. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

281. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

282. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

283. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

284. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

285. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## **THIRD CAUSE OF ACTION**
**Unpaid Wages Under The Fair Labor Standards Act**

425. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

426. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

427. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

428. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## **FOURTH CAUSE OF ACTION**
**Unpaid Wages Under The New York Labor Law**

429. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

430. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

431. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

432. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

**FIFTH CAUSE OF ACTION**

**Violation of Frequency of Pay Under New York Labor Law**

433. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

434. Defendants willfully violated the rights of Plaintiffs by failing to pay their wages owed on a weekly basis in which their wages were earned, in violation of New York Labor Law § 191.

435. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

436. Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

**SIXTH CAUSE OF ACTION**

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

437. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

438. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiff's primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

439. Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**Violation of the Wage Statement Requirements of the New York Labor Law**

440. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

441. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

Defendants are liable to Plaintiffs in the amount of $5,000.00, per Plaintiff, together with costs and attorneys' fees

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' unpaid wages;
d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs' liquidated damages for Defendants' failure to timely pay Plaintiffs' wages;
f. Awarding Plaintiffs prejudgment and post-judgment interest;
g. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: November 25, 2025
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUIS ALFONSO GARCES DAQUILEMA, JOEL DE JESUS MOLINA HERNANDEZ, VICTOR HUGO CAJAMARCA CAJAMARCA, LUIS FERNANDO CABEZAS, JULIO GAMALIEL TORRES ORTEGA, MARCO R. ARPI, FELIPE DE JESUS FLORES CRIOLLO, CARLOS MAURICIO YUPANGUI RIERA, FABIAN MAURICIO YUPANGUI CARRION, MARCO VINICIO PESANTEZ REYES, VICENTE MAURICIO SANCHEZ ORTIZ, MANUEL CARLOS LOJA PIZARRO, STALYN PATRICIO LOJA PULLA, and LAURO ARMANDO CHIMBO CHIMBO, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

GALAXY DEVELOPERS LLC, BWK CONSTRUCTION LLC, NKJ2 CONSTRUCTION LLC, and NIGEL JOSEPH, EFRAIN SANTIAGO and WILKA CUEVAS, as individuals,

Defendants.

---

**CLASS/COLLECTIVE ACTION COMPLAINT**

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

*via Secretary of State and personal service:*
**GALAXY DEVELOPERS LLC (DOS ID: 4591622)**
505 Flushing Ave 1D, Brooklyn, NY, 11205.

**BWK CONSTRUCTION LLC (DOS ID: 5475667)**
3150 Roberts Ave, Apt 3c, Bronx, NY 10461

**NKJ2 CONSTRUCTION LLC (DOS ID: 6645520)**
3150 Roberts Ave, 5D, Bronx, NY 10461

**NIGEL JOSEPH**
10 Hallberg Ave Apt 2, Bergenfield, NJ 07621-2616

3150 Roberts Ave, Apt 3c, Bronx, NY 10461

**EFRAIN SANTIAGO**
2877 Lasalle Ave Apt 3FL, Bronx, NY 10461-5915

**WILKA CUEVAS**
10 Hallberg Ave Apt 2, Bergenfield, NJ 07621-2616

3150 Roberts Ave, Apt 3c, Bronx, NY 10461